# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| Costabile F., <br>     Plaintiff, <br><br> v. <br><br> Frank Bisignano, Commissioner, <br>     Social Security Administration, <br>     Defendant. | C.A. No. 1:25-cv-00229-AEM |

## MEMORANDUM AND ORDER

AMY E. MOSES, United States Magistrate Judge.

    Plaintiff Costabile is a 52-year-old who worked for many years as a residential and commercial painter until he experienced a knee injury in 2018. ECF No. 8 at 49-53. Costabile had a full right knee replacement in March 2019 when he was only in his forties. *Id.* at 826-840. He has a long and complex medical history reflecting persistent struggles with a number of comorbidities, including severe impairments of diabetes mellitus, right knee disorder post surgeries, neuropathy, cirrhosis of the liver, depressive disorder, anxiety disorder, and substance abuse disorder. *Id.* at 26. The Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") denied Costabile's claims for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). *Id.* at 20-38.

    With the consent of the parties, this case has been referred to me for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. Based upon my review of the record, the parties' submissions, and independent

research, I find that the ALJ's decision is not supported by substantial evidence and, as such, is remanded for further consideration.

## I. PROCEDURAL HISTORY

Costabile filed applications for SSDI and SSI on September 14, 2022. ECF No. 8 at 23. His claims were denied initially on December 9, 2022 (*id.* at 83-102) and on reconsideration on May 4, 2023 (*id.* at 103-126). Costabile requested an Administrative Hearing that was held on November 6, 2023 before the Administrative Law Judge, Paul Goodale (the "ALJ"). *Id.* at 44-81. At the hearing, Costabile was represented by counsel and testified, and Vocational Expert ("VE") Edmond Calandra testified as well. *Id.* The ALJ issued a decision unfavorable to Costabile on April 3, 2024 (*id.* at 20-38) and the Appeals Council denied Costabile's request for review on March 19, 2025 (*id.* at 7-9). Costabile timely appealed by filing his Complaint on May 22, 2025, seeking to reverse the decision of the Commissioner. ECF No. 1. On September 24, 2025, Costabile filed Plaintiff's Motion to Reverse the Decision of the Commissioner. ECF No. 11. On September 26, 2025, the Commissioner filed Defendant's Motion to Affirm the Commissioner's Decision (ECF No. 13) and on October 8, 2025, Costabile filed Plaintiff's Reply Memorandum (ECF No. 14).

## II. STANDARD OF REVIEW

The Court's role in reviewing the Commissioner's decision is limited. *Brown v. Apfel*, 71 F. Supp. 2d 28, 30 (D.R.I. 1999), *aff'd*, 230 F.3d 1347 (1st Cir. 2000) (per curiam). The Court does not reinterpret or reweigh the evidence or otherwise substitute its own judgment for that of the Commissioner. *Thomas P. v. Kijakazi*, C.A. No. 21-00020-WES, 2022 WL 92651, at *8 (D.R.I. Jan. 10, 2022), *report and recommendation adopted by text order*, (D.R.I. Mar. 31, 2022). Where "the Commissioner's decision is supported by substantial evidence, the [C]ourt must

affirm, even if the [C]ourt would have reached a contrary result as finder of fact." *Tegan S. v. Saul*, 546 F. Supp. 3d 162, 168 (D.R.I. 2021); *Rodriguez Pagan v. Sec'y Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The determination of substantiality is based upon an evaluation of the record as a whole. *Frustaglia v. Sec'y Health & Hum. Servs.*, 829 F.2d 192, 195 (1st Cir. 1987) (per curiam); *Brown*, 71 F. Supp. 2d at 30. If the Court determines that the Commissioner's decision "is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim, the Court may remand a case to the Commissioner for a rehearing under Sentence Four of 42 U.S.C. § 405(g)." *Andrea T. v. Saul*, C.A. No. 19-505WES, 2020 WL 2115898, at *4 (D.R.I. May 4, 2020) (citing *Allen v. Colvin*, C.A. No. 13-781L, 2015 WL 906000, at *8 (D.R.I. Mar. 3, 2015)).

In reviewing the Commissioner's decision, the Court must bear in mind that claimants "'are entitled to a broad construction of the Act. In practical terms, when a Social Security Act provision can be reasonably interpreted in favor of one seeking benefits, it should be so construed.'" *Ferguson v. Colvin*, 63 F. Supp. 3d 207, 211 (D.R.I. 2014) (quoting *Cunningham v. Harris*, 658 F. 2d 239, 243 (4th Cir. 1981)). Moreover, the Court of Appeals for the First Circuit has stated that "courts should ensure 'a just outcome' in Social Security disability claims." *Santa v. Astrue*, 924 F. Supp. 2d 386, 391 (D.R.I. 2013) (quoting *Pelletier v. Sec'y Health, Educ. & Welfare*, 525 F. 2d 158, 161 (1st Cir. 1975)).

### III.   ALJ DECISION

The ALJ follows a five-step process in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at Steps One through Four,

and the Commissioner bears the burden at Step Five. *Wells v. Barnhart*, 267 F. Supp. 2d 138, 144 (D. Mass. 2003).

Here, at Step One, the ALJ determined that Costabile had not engaged in substantial gainful activity since the alleged onset date of June 1, 2018. ECF No. 8 at 26. At Step Two, the ALJ found that Costabile's diabetes mellitus, right knee disorder status post-surgeries, neuropathy, cirrhosis of the liver, depressive disorder, anxiety disorder, and substance abuse disorder were severe impairments. *Id.* At Step Three, the ALJ found that Costabile did not have an impairment or combination of impairments that met or medically listed a Listing. *Id.* at 27-30. The ALJ determined that Costabile had the Residual Functional Capacity ("RFC")[1] to perform light work.[2] *Id.* at 30. The RFC contained the following additional limitations: Costabile can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; can frequently balance and reach in all directions with his bilateral upper extremities; cannot climb ladders, ropes, or scaffolds or do production rate or pace work, such as assembly-line type work; and can do individual table/bench work. *Id.* The RFC also states that Costabile must avoid concentrated exposure to extreme cold, extreme heat, wetness, and humidity and have no more than minimal exposure to workplace hazards. *Id.*

At Step Four, the ALJ found that Costabile is unable to perform any past relevant work as a Construction Painter or Stagehand but relied on the VE's testimony and considered Costabile's

---

[1] RFC is "the most you can still do despite your limitations," considering "[y]our impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what you can do in a work setting." 20 C.F.R. § 404.1545(a)(1).

[2] Pursuant to 20 C.F.R. §§ 404.1567(b), 416.967(b), "light work" is work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."

age, education, work experience, and RFC to determine that he could do a significant number of other jobs in the national economy. *Id.* at 36. The ALJ therefore concluded that Costabile is not disabled within the meaning of the Act. *Id.* at 37-38.

## IV.     ANALYSIS

Costabile argues that the ALJ improperly discounted his subjective statements about the severity of his pain symptoms and that the ALJ's decision was not based on facts supported by substantial evidence. ECF No. 11 at 2. The Government argues that substantial evidence supports the ALJ's RFC assessment. ECF No. 13 at 4.

In considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ is tasked with examining the entire case record, including objective medical evidence, the individual's own statements, other information provided by medical sources and others, and any other relevant evidence in the individual's case record. 81 Fed. Reg. 14166, 14168-72. Although the ALJ must consider whether an individual's statements about their symptoms are consistent with medical evidence in the record, *id.* at 14168, this Court has previously cautioned that "an ALJ's 'extreme insistence on objective medical findings to corroborate subjective testimony of limitation of function because of pain' is error." *Luiz P. v. O'Malley*, C.A. No. 22-424WES, 2023 WL 8867917, at *5 (D.R.I. Dec. 22, 2023), *report and recommendation adopted by text order*, (D.R.I., Jan. 8, 2024) (quoting *Amanda B. v. Kijakazi*, C.A. No. 21-308MSM, 2022 WL 3025752, at *3 (D.R.I. Aug. 1, 2022), *report and recommendation adopted*, 2022 WL 18910865 (D.R.I. Nov. 7, 2022)); *see also* 81 Fed. Reg. 14166, 14168-72 ("[W]e will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."). The First Circuit further dictates that an ALJ must articulate specific

and adequate reasons for discrediting a claimant's subjective statements about the intensity, persistence, and severity of their symptoms. *Da Rosa v. Sec. Health & Hum. Servs.*, 803 F. 2d 24, 26 (1st Cir. 1996). Here, the ALJ opined that Costabile's statements about the intensity, persistence, and limiting effects of his symptoms were "inconsistent with the objective clinical findings, his limited treatment for his knee after 2019, and the opinion evidence cited below." ECF No. 8 at 31.

### A. Objective Clinical Findings

In his opinion, the ALJ noted that Costabile described his pain in his hips, hands, knees, ankles, and shoulders as "severe" and indicated he had trouble opening jars. *Id.* at 32. He then noted that imaging of Costabile's hands and right hip from December 2022 was "within normal limits" and records showed that his pain responded to Tylenol and Gabapentin. *Id.* The ALJ concluded that Costabile's "positive response to treatment and lack of workup to confirm osteoarthritis is more consistent with his ability to perform the range of light exertion than with his allegations." *Id.*

In making these findings, the ALJ engaged in the kind of overreliance on objective medical evidence that this Court cautions against. First, the ALJ's focus on imaging of Costabile's hands and right hip from a trip to the emergency department in December 2022 (*id.* at 750-758) ignores that these scans were taken at the very beginning of Costabile's search for relief from musculoskeletal and joint pain in his hands, wrist, back, and knees, and ultimately in his shoulders, elbows, and ankles. *See id.* at 2549, 2557. Indeed, Costabile first received treatment from a rheumatologist in January 2023 for his ongoing pain and continued receiving treatment for pain through October 2023. *Id.* at 2557-61, 2599-609.

Next, while the ALJ noted that Costabile's pain "responded to Tylenol and Gabapentin," the record indicates that he experienced "*some* benefit" with Tylenol and "*some* relief" with Gabapentin. *Id.* at 32, 2544-45 (emphasis added). Furthermore, his treating rheumatologists stated that Costabile would benefit from an increase in his dosage of Gabapentin and proposed other potential treatment options if increasing Gabapentin did not alleviate his ongoing pain symptoms, including potentially a pain management clinic. *Id.* at 2545, 2556. The treating rheumatologists noted that Costabile's joint pain has "no clear etiology" and may be challenging to treat given his comorbidities. *Id.* at 2551. They also repeatedly stated that Costabile was experiencing pain amplification and that he has a "complex presentation" of arthralgia. *See id.* at 2544-45, 2549, 2555. These findings in the record clearly contradict the ALJ's conclusions regarding Costabile's pain management.

### B. Knee Treatment

The ALJ detailed Costabile's total right knee arthroplasty surgery in March 2019 for osteoarthritis and his total right knee irrigation and debridement procedure in August 2019 due to an infection. *Id.* at 31. He then noted that not long after the surgeries, Costabile had some complaints of pain but was able to walk three miles. *Id.* at 32; *see id.* at 332. In finding that Costabile had "limited treatment for his knee after 2019," the ALJ ignored record evidence that Costabile sought treatment for pain all over his body—including specific complaints of pain in both knees and intermittent numbness in his right knee—beginning with an emergency room visit in December 2022 and continuing through at least August 2023. *See, e.g.*, *id.* at 750, 848, 1759, 2544, 2549, 2554.

### C. Opinion Evidence

In discrediting Costabile's statements about the severity of his pain, the ALJ also relied on opinion evidence from state agency medical consultants Dr. Mitchell Pressman and Dr. Joseph Callaghan as well as consulting examiner Certified Nurse Practitioner ("CNP") Jackeline Chacon. *Id.* at 33-35. This reliance was misplaced, however, as Dr. Pressman and Dr. Callaghan did not have the benefit of the full record. *See, e.g.*, *Mary K. v. Berryhill*, 317 F. Supp. 3d 664, 668 (D.R.I. 2018) ("The problem with the ALJ's reliance on these non-examining doctors in this case is that they did not have a complete record upon which to render their opinions."). The Court has further concerns about what information was before CNP Chacon as well as discrepancies between her physical examination findings and ultimate conclusions regarding Costabile's functioning.

The ALJ stated that the opinions of state agency medical consultants Dr. Pressman and Dr. Callaghan were "generally persuasive" because the consultants "support their opinions with specific citations to the record and provide a function-by-function analysis in quantifiable regulatory terms." ECF No. 8 at 34. In making this finding, however, the ALJ made no reference to the fact that neither consultant had Costabile's complete rheumatology records. When Dr. Pressman completed his initial assessment, dated December 7, 2022, he did not have the benefit of any of Costabile's rheumatology records. *See id.* at 85. Dr. Pressman made RFC findings consistent with a range of light exertion. *Id.* at 33-34, 89.

On reconsideration dated May 4, 2023, Dr. Callaghan reviewed rheumatology records received on February 13, 2023, and thus only had the benefit of record evidence from Costabile's first month of treatment, which continued beyond May 2023. *Id.* at 104. Dr. Callaghan ultimately made less restrictive RFC findings indicating that Costabile could perform a range of medium exertion. *Id.* at 34, 110-11.

Remand may be appropriate where state agency medical consultants did not have the entire record before them when forming their opinions. *See Mary K.*, 317 F. Supp. 3d at 668. The rheumatology records document a sustained and material worsening in Costabile's experience of all-over pain. *See, e.g.*, ECF No. 8 at 1759 (January 2023 visit for arthralgia in hands, wrist, back, knees); 2554 (March 2023 visit for continued arthralgias in hands, wrist, back, knees and numbness in right knee); 2547 (April 2023 visit for continued complaints of pain in all joints); 2544 (May 2023 visit for continued complaints of pain in all joints); 2539 (August 2023 visit for continued chronic arthralgias); *cf.*, *Phan v. Colvin*, No. CA 13–650L, 2014 WL 5847557, at *15 (D.R.I. Oct. 20, 2014), *report and recommendation adopted*, 2014 WL 5847557 (D.R.I. Nov. 12, 2014). The ALJ ultimately found Dr. Pressman's light exertion finding was "more consistent with the objective findings and subjective complaints of the claimant" (ECF No. 8 at 34), but the Court does not know what Dr. Pressman's findings would have been if he had the benefit of the rheumatology records. *See Mary K.*, 317 F. Supp. 3d at 668 ("The Court does not know whether the non-examining state agency physicians would have rendered the same . . . opinions if they had all of the medical evidence.").

The ALJ also found persuasive the consultative examination conducted by CNP Chacon in April 2023. ECF No. 8 at 35. The ALJ noted that CNP Chacon's physical examination indicated that Costabile demonstrated "joint line effusion over the right knee, joint line tenderness over the right knee, and some range of motion deficits of the right knee" as well as "some range of motion deficits with a positive Neer's test on the right side." *Id.* Despite these observations, CNP Chacon then opined that "[t]here were no functional limitations noted on exam." *Id.* at 2434. The ALJ deemed this finding persuasive because CNP Chacon had "the opportunity to examine the claimant and considered the claimant's neuropathy and right knee replacement" and "[t]hus, she supports

9

her findings with her own examination findings, which are consistent with other examinations in the record." *Id.* at 35.

This circular reasoning is confusing at best, and the Court also has no indication what records were before CNP Chacon when she considered Costabile's neuropathy and knee pain. She inexplicably states in her report that there is "no mention of knee pain" in Costabile's medical records. *Id.* at 2434. Given the extensive records of Costabile's history of knee pain (*see e.g.*, *id.* at 533 (severe symptoms of arthritis in right knee pre-surgery), 361 (experiencing pain and using a walk post-surgery), 332 ("some pain while it rains" and "soreness if he does too much"), 750 (emergency room visit for body aches in knees and elsewhere), 848 (musculoskeletal pain at an eight in knees and elsewhere), 2554 (continued arthralgia in knees and elsewhere)), this statement raises concerns about what records CNP Chacon reviewed and thus, concerns about the ALJ's finding that her opinion regarding Costabile's functional abilities was persuasive.

## V.  CONCLUSION

For the reasons detailed above, the Court concludes that the ALJ's evaluation of Costabile's pain symptoms and resulting RFC finding are not supported by substantial evidence, 42 U.S.C. § 405(g). Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 11) is GRANTED with remand for further proceedings. Defendant's Motion to Affirm the Commissioner's Decision (ECF No. 13) is DENIED. The Clerk shall enter Final Judgment in favor of Plaintiff.

  /s/  Amy E. Moses
AMY E. MOSES
United States Magistrate Judge

February 18, 2026